ACCEPTED
14-14-00585-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/6/2015 10:13:43 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00585-CR
No. 14-14-00586-CR
No. 14-14-00587-CR

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

2/6/2015 10:13:43 PM

CHRISTOPHER A. PRINE
Clerk

RYAN VICTOR MOLNOSKEY,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

ON APPEAL FROM CAUSE NO. 66494, 66495, 71937
149th JUDICIAL DISTRICT COURT, BRAZORIA COUNTY, TEXAS
HONORABLE TERRI HOLDER JUDGE PRESIDING

BRIEF FOR THE APPELLANT

Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

ATTORNEY FOR APPELLANT          ORAL ARGUMENT NOT REQUESTED
DATE:  February 6, 2015

No. 14-14-00585-CR
No. 14-14-00586-CR
No. 14-14-00587-CR

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT
HOUSTON, TEXAS


RYAN VICTOR MOLNOSKEY,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee


BRIEF FOR THE APPELLANT


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

RYAN VICTOR MONOSKEY, the Defendant in Cause 66494, 66495, and 71937 in the 149th JUDICIAL DISTRICT COURT, Brazoria County, Texas, respectfully submits this brief, and would respectfully show the Court the following:

i

# TABLE OF CONTENTS

Parties to the Case…………………………………………………………………..…iv

List of Authorities…………………………………………………………………….v

Statement of the Case…………………………………………………………….....vi

Statement Regarding Oral Argument……………………………………………...vii

Issues Presented………………………………………………………………..…...viii

Summary of the Argument…………………………………………………….……1

Appellant's First Point of Error…………………………………………………..2

*The evidence is insufficient to support the trial court's order in Cause 66494 that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.*

Appellant's Second Point of Error……………………………………………….……8

*There is no basis in the record to support the trial court's order in Cause 71937 that Appellant pay $294 in court costs in that cause.*

Appellants Third Point of Error………………………………………...……….…10

*If this court finds that the cost bill for the companion cause is a sufficient basis to support the courts costs in Cause 71937, there is no basis in the record to support a $70.00 Warrant/Bond fee in Cause 71937.*

Appellants Fourth Point of Error……………………………………..………12

*The forty-year prison sentence imposed by the trial court in Cause 71937 violated the Eighth Amendment prohibition against cruel and unusual punishment, as*

*the sentence was grossly disproportionate to the crime.*

Conclusion and Prayer……………………………………………………....…..16

Certificate of Service……………………………………….......................17

Certificate of Word Count…………………………...…………….……17

Appendix…………………………………………………….……..18

Judgment (Cause 6694)

Affidavit of Indigence (Cause 71937, Dated November 5, 2013)

Notice of Appointment for Perry Stevens

Affidavit of Indigence (Cause 66495/ 66494 / 71937, Dated July 5, 2014)

## PARTIES TO THE CASE

APPELLANT:              RYAN VICTOR MOLNOSKEY

Attorney for Appellant at Trial:

        Name:        Robert D. Miller
        SBN:         24049278
        Address:     1346 Broadway
                     Pearland, Texas 77581

Attorney for Appellant on Appeal:

        Name:        Joseph Kyle Verret
        SBN:         24042932
        Address:     The Law Office of Kyle Verret, PLLC
                     1200 Broadway, Suite 2743
                     Pearland, Texas 77584
        Phone:       281-764-7071
        Fax:          281-764-7071
        Email:       kyle@verretlaw.com

APPELLEE:              THE STATE OF TEXAS

Attorneys for the State at Trial:

        Name:        Brian J. Hrach
        SBN:         24050787
        Address:     Brazoria County Criminal District Attorney
                     111 East Locus Street, Suite 408A
                     Angleton, Texas 77515

Attorney for the State on Appeal:

        Name:        Jeri Yenne
        SBN:         04240950
        Name:        David Bosserman
        SBN:         02679520
        Address:     Brazoria County Criminal District Attorney
                     111 East Locust Street, Suite 408A
                     Angleton, Texas 77515
        Phone:       979-864-1230
        Fax:          979-864-1525

# LIST OF AUTHORITIES

## Constitutional Provisions

U.S. CONST. amend. VIII………………………………………………………12

## Statutes

Tex. Code Crim. Proc. Ann. Art. 26.04(Lexis current through 2013 3d C.S.)………..2,6

Tex. Code Crim. Proc. Ann. Art. 26.05(Lexis current through 2013 3d C.S.)……...2,3,6

Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(2) **(**Lexis current through 2013 3d C.S.)………………………………………………………………………….9,10

Tex. Code Crim. Proc. Ann Art. 103.001 (Lexis current through 2013 3d C.S.)………7

Tex. Gov't Code Ann. §508.145 (Lexis current through 2013 3d C.S.)……………...14

## Appellate Court Decisions

*Adams v. State*, 431 S.W.3d 832, 834 (Tex. App. -- Houston [14th Dist.] 2014, no pet.)…………………………………………………..………………...7, 9

*Baldridge v. State,* 77 S.W.3d 890, 893 (Tex. App. Houston [14th Dist.] 2002)……..13

*Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App. -- Amarillo 2009, no pet.)…………6

*Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003)…....11

*Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014)………………...….,7,8

*Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2013)…………………2,4-6

*Simmang v. State*, No. 04-09-00563-CR at 7-10, 2010 Tex. App. LEXIS 4332 (Tex. App. -- San Antonio June 9, 2010, pet. ref'd) (mem. op., not designated for publication)………………………………………………………...14

## STATEMENT OF THE CASE

The Appellant was indicted for the offense of Assault Public Servant in Cause 66494 and Harassment of Public Servant in Cause 66495 by two separate indictments on November 17, 2011. (C.R. 66494 at 5; C.R. 66495 at 5). Per a plea bargain agreement, Appellant entered a plea of guilty to the charged offenses on April 16, 2012 and was ordered to serve a five-year term of deferred adjudication. (C.R. 66494 at 6-7; C.R. 66495 at 6-7).

On December 6, 2013, the State filed a motion to adjudicate guilt in each cause against Appellant alleging multiple violations of probation, including a new law violation of injury to a child. (C.R. 66494 at 14-16; C.R. 66495 at 14-16). On November 21, 2013, Appellant was also indicted in Cause 71937 for the first-degree injury to a child allegation. (C.R. 71937 at 5).

Defendant entered a plea of guilty to the indictment and requested the trial court to sentence him contemporaneously with the pending motions to adjudicate guilt. (2 R.R. at 4, 8). On June 27, 2014, Appellant entered a plea of true to all of the allegations in the State's motion to adjudicate guilt and proceeded to a hearing before the trial judge without an agreed recommendation. (C.R. 66494 at 17-18; C.R. 66495 17-18; R.R. at 4-5).

In cause numbers 66494 and 66495, the trial court adjudicated Appellant guilty of the charged offenses and sentenced Appellant to 10 years confinement in the Texas Department of Criminal Justice. (C.R. 66494 at 17; C.R. 66495 at 22). In cause

71937, the trial court sentenced Appellant to 40 years confinement in the Texas Department of Criminal Justice. (C.R. 71937 at 30).

As these three causes were tried together on punishment, Appellant presents his complaints on appeal in all three causes in this one brief.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not request oral argument.

## ISSUES PRESENTED

**Appellant's First Point of Error:**

The evidence is insufficient to support the trial court's order in Cause 66494 that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.

**Appellant's Second Point of Error:**

There is no basis in the record to support the trial court's order in Cause 71937 that Appellant pay $294 in court costs in that cause.

**Appellant's Third Point of Error:**

If this court finds that the cost bill for the companion cause is a sufficient basis in the record to support the courts costs in Cause 71937, there is no basis to support a $70.00 Warrant/Bond fee in Cause 71937.

**Appellant's Fourth Point of Error:**

The forty-year prison sentence imposed by the trial court in Cause 71937 violated the Eighth Amendment prohibition against cruel and unusual punishment, as the sentence was grossly disproportionate to the crime.

## SUMMARY OF THE ARGUMENT

The evidence is legally insufficient to support the trial court's order that Appellant reimburse Brazoria County for the payment of Appellant's court appointed counsel. Appellant was indigent at the time his trial counsel was appointed and remained indigent throughout the proceedings in this matter. As established by the Appellant's affidavit, Appellant had been unemployed for two years at the time of the trial court's order. He had neither income nor assets.

There is no basis in the record in Cause 71937 to support the trial court's imposition of $294.00 in court. If this court finds that there is a basis in the record for the imposition of court costs in Cause 71937, there is no basis in the record for the $70.00 Warrant / Bond fee in that cause.

The trial court's forty-year prison sentence for first-degree injury to a child in Cause 71937 was grossly disproportionate to the crime charged.

1

## APPELLANT'S FIRST POINT OF ERROR

*The evidence is insufficient to support the trial court's order in Cause 66494 that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.*

Standard of Review and Applicable Law

An appellate court reviewing an order to repay court appointed attorney's fees reviews the record to determine whether there is sufficient evidence to support the order. *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2013). Evidentiary sufficiency "is measured by viewing all of the record evidence in the light most favorable to the verdict." *Id.* at 557. Ordinarily, sufficiency of the evidence may be raised for the first time on appeal, without an objection at the trial court level. *Mayer*, 309 S.W.3d at 556.

A trial court's authority to order that defendant repays attorney's fees as court costs after a conviction stems from Tex. Code Crim. Proc. Ann. Art. 26.05(Lexis current through 2013 3d C.S.). Once a defendant has been found to be indigent, the defendant is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial status occurs." Tex. Code Crim. Proc. Ann. Art. 26.04(p)(Lexis current through 2013 3d C.S.). The trial court may only order that a defendant repay his court appointed attorney's fees,

> [i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount

2

that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. Art. 26.05(g)(Lexis current through 2013 3d C.S.).

**Relevant Facts**

Appellant was appointed trial counsel, Mr. Perry Stevens, on December 16, 2013.  (Supp. C.R. 66494 at 5).  According to the notice of appointment, Appellant was in jail at the time of appointment.  (Supp. C.R. 66494 at 5).  Mr. Stevens withdrew as counsel, and new trial counsel, Mr. Robert Miller, was appointed on January 17, 2014.  (Supp C.R. 66494 at 12). After trial, the trial court ordered Appellant to repay $2,850.00 in attorney's fees in Cause 66494.  (C.R. 66494 at 17).

There is no affidavit of indigence in the record in Cause 66494 that was completed prior to the appointment of trial counsel.  While there is no affidavit of indigence in Cause 66494, there was one filed in Cause 71937.  (Supp. C.R. 71937 at 19-23).  The State's motions to adjudicate guilt in Causes 66494 and 66495 were not filed until after the initial appointment of Appellant's trial counsel.  Counsel was appointed on November 5, 2013.  (Supp. C.R. 71937 at 6).  The motions to adjudicate guilt were filed on November 21, 2013.  (C.R. 66494 at 14-16; C.R. 66495 at 14-16).  Trial counsel was then appointed to the revocation cases as well.  (Supp. C.R. 66494 at 5; Supp. C.R. 66495 at 4).

In this November 5 affidavit, Appellant stated that he was presently incarcerated.  (Supp. C.R. 71937 at 19).  He had been unemployed for one month after having on and off work at approximately $25 an hour for the previous eight months.  (Supp. C.R. 71937 at 20).  He had no income.  (Supp. C.R. 71937 at 21).  His monthly

3

expenditures were $240 for childcare, $450 for school, $55 for probation fees, and $27 every other month for other probation costs. (Supp. C.R. 71937 at 20). He had no property or other assets and lived with his in-laws. (Supp. C.R. 71937 at 21).

After being convicted, Appellant completed another affidavit of indigence. (C.R. 66494 at 26-29). In the second affidavit, completed July 15, 2014, Appellant stated that he had been unemployed for two years, since November 2013. (C.R. 66494 at 35). He was incarcerated in the county jail. (C.R. 66494 at 26). He had no income, no assets, and no debt. (C.R. 66494 at 27-28). He stated on the affidavit that he lived with his dad or Nadia Baldez, his girlfriend. The court found Appellant to be indigent and appointed the Appellant counsel on appeal. (C.R. 66494 at 24-25, 37).

## Analysis

There is no evidence supporting the trial court's order that Appellant repay his court appointed attorney's fees. While in jail, Appellant was appointed trial counsel in this cause, and the related causes. (Supp. C.R. 66494 at 5,12; Supp. C.R. 66495 at 4,11; Supp. C.R. 71937 at 6,11). After Appellant was convicted, the trial court ordered that he repay attorney's fees in the amount of $2,850.00. (C.R. 66494 at 17).

The facts related to the application for a court appointed attorney and the trial court's order to repay attorney's fees are almost identical between *Mayer v. State* and Appellant's case. *See Mayer*, 309 S.W.3d 552. In *Mayer*, the defendant filed an Affidavit of Financial Status including "a request for a court appointed attorney to represent him because he did not have the financial ability to hire his own attorney."

4

*Mayer*, 309 S.W.3d at 554. The affidavit stated that he was unemployed and supporting himself on government benefits. *Id.* After he was convicted, the defendant filed a pro se notice of appeal and an affidavit of financial status again requesting appointed counsel. *Id*. There was no evidence in the record in *Mayer* that supported the trial court's order that the defendant repay the court appointed attorney's fees. *Id.* at 556.

Appellant was found to be indigent at the inception of this case and was appointed a court appointed attorney to represent him at trial on the State's motion to adjudicate guilt. (Supp. C.R. 66494 at 5,12). Appellant stated in his initial affidavit of indigence that he was unemployed and had no income. (Supp. C.R. 71937 at 20-21). He had no property or other assets. (Supp. C.R. 71937 at 21).

After being convicted, Appellant completed another affidavit on July 15, 2014. (C.R. 66494 at 26-29). In the second affidavit, the Appellant stated that he had been unemployed for two years. (C.R. 66494 at 35). He was incarcerated in the county jail. (C.R. 66494 at 26). By the time the trial court ordered that Appellant repay his attorney's fees, Appellant had been in jail for eight months waiting for the hearing on this matter. (3 R.R. at 58, 84). He had no income, no assets, and no debt. (C.R. 66494 at 27-28). The court found the Appellant to be indigent and appointed the Appellant counsel on appeal. (C.R. 66494 at 24-25, 37). As in *Mayer*, there is no evidence in the record to support the trial court's order that Appellant repay his court appointed attorney's fees.

5

Appellant was found to be indigent in November 2013, and is presumed to remain indigent. Tex. Code Crim. Proc. Ann. Art. 26.04(p). The trial court may only order a defendant to repay his court appointed attorney if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." Tex. Code Crim. Proc. Ann. Art. 26.05(g). A court's finding that a defendant has such financial resources that would enable him to offset the cost of legal services provided must be supported by evidence in the record. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App. --Amarillo 2009, no pet.). There is no evidence in the record to support a finding that the Appellant has "financial resources that enable him to offset in part or in whole the costs of the legal services provided." As such, the evidence supporting the court's order that Appellant repay his is legally insufficient and has no basis in the record.

The court of appeals in *Mayer* reformed the trial court's judgment to delete the paragraph ordering the defendant to repay attorney's fees. *Mayer v. State*, 274 S.W.3d 898, 901-02 (Tex. App. Amarillo 2008, pet. granted.). The Court of Criminal Appeals found this to be the proper remedy. *Mayer*, 309 S.W.3d at 557.

The Appellants prays that this Court find that there is no evidence supporting the trial court's order that the Appellant repay his court appointed attorney fees and reform the judgment to remove the order.

6

## APPELLANT'S SECOND POINT OF ERROR

*There is no basis in the record to support the trial court's order in Cause 71937 that Appellant pay $294 in court costs in that cause.*

Standard of Review and Applicable Law

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Code Crim. Proc. Ann Art. 103.001 (Lexis current through 2013 3d C.S.).

An order to pay a certain amount of court costs must be supported by evidence in the record that was before the trial judge. *Adams v. State*, 431 S.W.3d 832, 834 (Tex. App. -- Houston [14th Dist.] 2014, no pet.). *citing Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014). A reviewing court examines the record to determine whether there is "a basis for the cost" to support the trial court's order. *Id*. at 835.

Relevant Facts

The trial court conducted a consolidated punishment hearing on Causes 66494, 66495 and Cause 71937 on June 27, 2014. (3 R.R. at 4). The clerk's record in 71937 does not contains a cost bill specific to that cause, but instead has a cost bill for Cause 66495. (Supp. C.R. 71937 at 43).

The trial court entered a written judgment, in each of the three causes, each requiring Appellant to pay $294.00 in court cost. (C.R. 66494 at 17; C.R. 66495 at 22;

7

C.R. 71937 at 30). Additionally the trial court ordered that these court costs be drawn against the Appellant's inmate trust fund. (Supp. C.R. 71937 at 34).

Appellant's counsel specifically requested that the record on appeal be supplemented to include a bill of cost. (Supp. C.R. 71937 at 49).

Analysis

At the time of writing of this brief, the there is no basis in the record to support that trial court's order that Appellant pay $294 in court costs in Cause 71937. Appellant specifically requested that the record include a bill of cost. (Supp. C.R. 71937 at 49). The only bill of cost that is presently in the record in Cause 71937 is for Cause 66495. (Supp. C.R. 71937 at 43).

Appellant recognizes that this Court may order the clerk to further supplement the record with a correct cost bill. *Johnson*, 423 S.W.3d at 391. As the record stands, at the time of this writing, there is no bill of cost related to Cause 71937 in the record. As court costs are "not payable by the person charged with the cost until a written bill is produced," and no cost bill has been produced to the Appellant or this Court in Cause 71937, this Court should find that the Appellant is not responsible for the payment of court costs in Cause 71937. Appellant prays that this court reform the judgment in Cause 71937 to remove the assessed court cost.

8

## APPELLANT'S THIRD POINT OF ERROR

*If this court finds that the cost bill for the companion cause is a sufficient basis to support the courts costs in Cause 71937, there is no basis in the record to support a $70.00 Warrant/Bond fee in Cause 71937.*

Standard of Review and Applicable Law

An order to pay a certain amount of court costs must be supported by evidence in the record that was before the trial judge. *Adams v. State*, 431 S.W.3d at 834. A reviewing court examines the record to determine whether there is "a basis for the cost" to support the trial court's order. *Id*. at 835.

There is an allowable $50.00 fee for the execution or processing of "an issued arrest warrant, capias, or capias pro fine." Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(2) **(**Lexis current through 2013 3d C.S.). Only a $5.00 fee is allowable where an officer has made a warrantless arrest. Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(1). The statute also allows for a $10.00 fee "for taking and approving a bond and, if necessary, returning the bond to the courthouse." Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(5).

 Relevant Facts

The bill of cost for Cause 66495 in the clerk's record in Cause 71937 includes a Warrant/Bond fee in the amount of $70.00. (Supp. C.R. 71937 at 43). Appellant was arrested without a warrant in this cause. (Sealed C.R. 71937 at 33). He did not make bail in this cause and was in jail from the date of his arrest until his hearing. (3 R.R. at

58, 84).

Analysis

If this court finds that the cost bill for Cause 66495 is a sufficient basis to support the courts order that court cost be paid in Cause 71937, there is still no basis for an assessment of a $70.00 Warrant/ Bond fee in Cause 71937.

The cost bill in the record of Cause 71937, which is a cost bill for Cause 66495, includes a Warrant/Bond fee in the amount of $70.00. (Supp. C.R. 71937 at 43). The Code of Criminal Procedure allows for a $50.00 fee for the execution of an arrest warrant, capias or capias pro fine. Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(2)**.** Only $5.00 fee is allowed by statute where a defendant is arrested without a warrant, as was the case in Cause 71937. Tex. Code Crim. Proc. Ann. Art. 102.011 (a)(1), (Sealed C.R. 71937 at 33). Also, as Appellant did not bail out of jail in this matter no fee for taking or approving a bond should have been assessed.

As Appellant was arrested without a warrant, and did not post bail, in Cause 71937, there is no basis in the record to support the imposition of a $70 Warrant / Bail fee. Appellant prays that this Court reform the judgment of the trial court to remove the $70 Warrant / Bail fee assessed as court cost in this cause.

*The forty-year prison sentence imposed by the trial court in Cause 71937 violated the Eighth Amendment prohibition against cruel and unusual punishment, as the sentence was grossly disproportionate to the crime.*

Standard of Review and Applicable Law

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII

The Eighth Amendment prohibition against cruel and unusual punishment includes "extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003).

Relevant Facts

Appellant was on deferred adjudication probation in cause number 66494 for the offense of Assault Public Servant, and on deferred adjudication probation in cause 66495 for Harassment of a Public Servant. (C.R. 66494 at 6-7; C.R. 66495 at 6-7)

In October 2013, Appellant was living with his Nadia and their daughter in Nadia's mother's home. (3 R.R. at 6-7). On October 29, 2013, Nadia drove Appellant to a "bad neighborhood" in Houston where Appellant left the car, disappeared, and purchased cocaine that he smoked on the way home. (3 R.R. at 20-21, 75-76).

When they returned home, Appellant assaulted Nadia. (3 R.R. at 9, 25-26). He then ran into the home and grabbed G.M. and ran down the stairs with the child. He tripped and fell down the stairs with the child. (3 R.R. at 11). Appellant said "She's

11

my daughter. She's not yours… If I can't have her, nobody can. She's mine." (3 R.R. at 12). He then lifted the child up over his head and threw her on the tile floor. (3 R.R. at 12-13).

G.M. appeared to stop breathing and would not wake up. (3 R.R. at 13). She suffered skull fractures, internal bleeding, swelling and bruising. (3 R.R. at 40). She stayed in the hospital for two days and then was required to take anti-seizure medication. (3 R.R. at 40).

Appellant's mother testified that Appellant suffers from hyperactivity, attention deficit disorder, and is bipolar. (3 R.R. at 43). She believed Appellant also struggled with depression. (3 R.R. at 45).

Appellant's father testified that Appellant might have been using drugs since he was sixteen. (3 R.R. at 54). He testified that, for a while, Appellant worked with him doing plumbing work. (3 R.R. at 57). Appellant's father testified that there were times through Appellant's life where Appellant would go from seeming fine to not being himself. (3 R.R. at 55, 57).

Appellant is a substance abuser. Appellant testified that he used marijuana, once or twice a day, when he was in high school. (3 R.R. at 68, 70-71). In high school he also had a Xanax prescription which he abused. (3 R.R. at 71-73). He continued to be prescribed Xanax until his arrest in 2013. (3 R.R. at 73). He also started smoking crack cocaine after high school. (3 R.R. at 76).

On October 28, 2013, Appellant had his 90 pill Xanax prescription filled. (3

12

R.R. at 73). By the end of the day, he had used almost all of them. (3 R.R. at 74). He testified that he had Nadia drive him to Houston that night to purchase crack cocaine. (3 R.R. at 75-76). Appellant did not remember most of what happened when he threw and injured G.M. (3 R.R. at 80).

Appellant has struggled with suicidal thoughts since he was in junior high. (3 R.R. at 102). He believes that his drug abuse a source of his criminal behavior. (3 R.R. at 81-82). The eight months he spent in jail waiting on his hearing was the longest he had been sober since high school. (3 R.R. at 84). He testified that he recognizes he has a problem and wants help. (3 R.R. at 83).

A motion for new trial was filed and presented to the trial court on the basis that the punishment assessed against Appellant in Cause 71937 was grossly disproportionate to the offense. (C.R. 71937 at 42; 4 R.R. at 4).

**Analysis**

Appellant's punishment was grossly disproportionate the crime for which he was convicted and a violation of his Eighth Amendment right against cruel and unusual punishment.

Appellant recognizes that an analysis used by a number of courts to determine whether a sentence is grossly disproportionate to the offense requires the reviewing court to "consider (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Baldridge v. State,* 77 S.W.3d 890, 893 (Tex. App. -- Houston [14th Dist.] 2002). Appellant recognizes that the

13

record is void of any evidence regarding similar crimes in the same jurisdiction or sentences from the same crime in other jurisdictions. Appellant also recognizes that at least one intermediate Texas court of appeals has specifically found that a forty year penitentiary sentence for first degree injury to a child is not violative of the Eighth Amendment. *Simmang v. State*, No. 04-09-00563-CR at 7-10, 2010 Tex. App. LEXIS 4332 (Tex. App. -- San Antonio June 9, 2010, pet. ref'd) (mem. op., not designated for publication).

In Appellant's case, the forty-year sentence is grossly disproportionate to the crime. The trial court specifically cited a desire to protect G.M. from Appellant:

I don't doubt one second that you love her. What I do doubt is that you don't have the skills to be a good father for her at this point in time in your life. There's more to being a father than enjoying the fun parts and playing with them. There's a whole lot more to it, and a lot of that means you have to adjust your lifestyle to raise them the right way. And until you can do that, you don't need to be in her life, especially if your lifestyle will hurt her.
(3 R.R. at 109).

[At] this point my job, I think, is very much to protect her.
(3 R.R. at 110).

Also, in the court's presentence investigation, the child's mother indicated that she believed Appellant should serve some prison time, but that as the father of G.M., twenty years would be too long for him to be in prison. (Sealed C.R. 71937 at 16-17).

The trial court's decision to punish Appellant for forty years in order to keep him away from G.M. is cruel and unusual. Appellant's conviction for injury to a child is an offense for which he will not become eligible for parole consideration until he has served at least twenty years in prison. Tex. Gov't Code Ann. §508.145 (Lexis

14

current through 2013 3d C.S.). By the time Appellant is eligible to be considered for parole, his daughter will be twenty-four years old.

A lesser sentence, considering the parole board's discretion in determining whether an offender has been rehabilitated would have served the court's purpose of protecting G.M. from Appellant until he was rehabilitated but would have still allowed Appellant's participation in G.M.'s life if he had adjusted his lifestyle appropriately.

Appellant prays that this Court find that the forty-year prison sentence imposed against Appellant violated the Eighth Amendment and remand this matter to the trial court for a new hearing on punishment.

## CONCLUSION AND PRAYER

Wherefore, Appellant prays that this Court find that Appellant is indigent and was indigent when trial counsel was appointed to represent him and reform the judgment of the trial court to remove the order in Cause 66494 that Appellant repay Brazoria County for attorney's fees for counsel appointed to Appellant.

Appellant also prays that this Court find that there is no basis in the record to support the court cost assessed in Cause 71937 and reform the judgment in Cause 71937 to remove the assessed court costs.

Appellant further prays that this court find that his forty-years sentence is cruel and unusual punishment and remand this matter to the trial court for a new hearing on punishment.

Respectfully submitted,

/s/ Joseph Kyle Verret
Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432 47
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief for Appellant was served on the Counsel for the Appellee, David Bosserman, at the Criminal District Attorney's Office of Brazoria County, Texas, by service through electronic filing on this 6th day of February, 2015.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

## CERTIFICATE OF WORD COUNT

I do hereby certify that the total word count for this document 3,814 excluding those parts specifically excluded in Texas Rule of Appellate Procedure 9.4(i)(1) which is less than 15,000 words allowed per Texas Rule of Appellate Procedure 9.4.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

**APPENDIX**



JUD
1068025

FILED
at_____o'clock_____M.
JUL 07 2014
Clerk of District Court Brazoria Co., Texas
BY_____

CASE NO. 66494 COUNT
INCIDENT NO./TRN:

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 149TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| RYAN VICTOR MOLNOSKEY | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 06936822 | § | |

## JUDGMENT ADJUDICATING GUILT

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. Terri Holder | Date Judgment Entered: | 06/27/14 |
| Attorney for State: | BRIAN HRACH | Attorney for Defendant: | ROBERT MILLER |

| | |
|---|---|
| Date of Original Community Supervision Order: 04/16/12 | Statute for Offense: 22.01(b)1PC |

Offense for which Defendant Convicted:
**ASSAULT PUBLIC SERVANT**

Date of Offense:
**11/01/11**

| Degree: F3 | Plea to Motion to Adjudicate: **TRUE TO ALL** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**NO PLEA BARGAIN JUDGE SENTENCED DEFENDANT TO TEN (10) YEARS TDCJ-ID**

| Date Sentence Imposed: **06/27/14** | Date Sentence to Commence: **06/27/14** |
|---|---|

| Punishment and Place of Confinement: | **10 Years  Texas Dept Of Criminal Justice - Institutional Division** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A.**

| Fine: $0.00 | Attorney Fees: $2850.00 | Court Costs: $294.00 | Restitution: $N/A | Restitution Payable to: ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|---|---|

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements DO NOT APPLY to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A**

| Jail Time Credited: **240 days** | Cost Covered by Time Served: **NO** |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of FIVE (5) YEARS; (4) The Court assessed a fine of $N/A; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: 1,2,3,4,5,6,7, & 8

Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Brazoria County Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of **Brazoria** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Brazoria** County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Brazoria County Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Brazoria County Collections Department.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

Signed and entered this the __7__ day of _____ July _____ , __2014__ .

X _T. Holder_
**Terri Holder,** JUDGE PRESIDING

Right Thumbprint

AFFIDAVIT OF INDIGENCE

7/937(149)

147911/B2A

**This section to be filled out by Court Personnel**

CAUSE #. _____

The State of Texas
vs.

In the _____ Court

Brazoria County, Texas

*Ryan Victor Molnoskey*

JP#: _____
Bond: JAIL (250K-TL)

Offense *Agg Assault-F.V./Inj.to Child/Elderly/D3.*
Level of Offense *F1/F3/FS Abandon/Person/Endanger Child*

All information must be completed by the defendant and must be current, accurate, and true. Intentionally or knowingly giving false information may result in your prosecution for the offense of aggravated perjury, a felony. The punishment for aggravated perjury includes imprisonment not to exceed ten (10) years and a fine not to exceed ten thousand dollars ($10,000). Please fill in all blanks. If you do not know the information being asked, enter DO NOT KNOW in the blank. If the information being asked does not apply to you, enter N/A in the blank.

**DEFENDANT'S PERSONAL INFORMATION**

Name *Ryan Molnoskey*
Phone Number ████████████████████
Street Address ████████████████████
City, State, Zip *Pearland Tx 77581*
Social Security # ████████████
Driver's License # ████████████
Date of Birth ████████████
Name of Spouse ████████████
Dependents: /████████████
Name(s) (list below):

FILED
at_____o'clock_____M.

MAR 14 2014

Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

*Nadia Balder*
*mother of child*

| | Age | Relation | Income |
|---|-----|----------|--------|
| | 4 | daughter | |

Are you currently in jail or in a correctional institution?
___ No
_✓ Yes    If yes, provide name of institution:

Are you currently residing in a mental health facility?
_✓ No
___ Yes    If yes, provide name of facility:

Do you have an application pending at a mental health facility?
_✓ No
___ Yes    If yes, provide name of facility:

13876

000019

**Employer Information**
Employer
Phone Number
Supervisor's Name
Street Address:
City, State, Zip          *NA*                    *NA*
Hours worked _____ per week   or   _____ per month
Pay rate
Spouse's Employer                                    *guilfriend employed*
Street Address:                                      *at Law firm (Corporate*
City, State Zip          *NA*                 *NA*   *sec        Law)*
Hours worked _____ per week   or   _____ per month
Pay rate
**If unemployed, list:**          *job ended*
Length of time unemployed *1 mth.*
Name of previous employer *Jem Mechanical*          *licensed  $16 hr.*
Street Address of previous employer:                *plumber   8 mthes on + off  they call when they need him*
City, State, Zip *Cypress, Jx.*
**Public Assistance**                                               *Average pay*
**Are you currently receiving (check all that apply)**              *$25. hr.*
☒ Food Stamps                                        *having trouble*
☒ Medicaid                                           *finding stable work*
☒ Public housing                                     *due to felony offenses*
☒ Temporary Assistance to Needy Families (TANF)
☒ Supplemental Security Income (SSI)

## DEFENDANT'S FINANCIAL INFORMATION

*guilfriend buys*

| EXPENSES - Monthly | Monthly Payment | Loan and Debt Payments |
|---|---|---|
| Rent or Mortgage Payment | 0 | **Outstanding Loans (list type of Loans)** |
| Car Payment | 0 | |
| Insurance (Life, Health, Car, Homeowners, etc.) | 0 | |
| Child Care *pays g'ma for watching her* | *240.* | **Credit Card Debt (list name of cards)** |
| Child Support *private school* | *$450.* | Name: |
| | | Balance: $ 0 |
| Water | 0 | Name: |
| | | Balance: $ 0 |
| Gas | 0 | |
| Telephone | 0 | |
| Electricity | 0 | **Other Monthly Expenditures (Describe)** |
| Food | 0 | |
| Clothes | 0 | *prob. fees 55.* |
| Medical | 0 | *27. — every other month* |
| Cable TV or Satellite TV | 0 | *( UAs + other testing* |
| Cell Phone | 0 | |

**TOTAL MONTHLY EXPENSES**                         $ 0

000020

| INCOME - Monthly | Monthly Amount |
|---|---|
| Take Home Pay | 0 |
| Spouse's Take Home Pay | 0 |
| Investment Income | 0 |
| Stock Dividend | 0 |
| Bond Dividend | 0 |
| Rental Income | 0 |
| Pension Payments | 0 |
| Unemployment | 0 |
| Social Security Benefits | 0 |
| Child Support | 0 |
| Public Assistance | 0 |
| TANF | 0 |
| SSI | 0 |
| Medicaid | 0 |
| Other | 0 |
| Cash Gifts | 0 |
| Other (Describe) | 0 |
| | 0 |
| **TOTAL GROSS MONTHLY INCOME** | $ 0 |

| ASSETS | | Value |
|---|---|---|
| Place of Residence ___ Rent ___ Own Describe if house, condominium, apartment, other: _lived in tents_ | | $ 0 |
| Real Property Owned; Description/Location: | | $ 0 |
| Automobile Make: Model: Year: | | $ 0 |
| Automobile Make: Model: Year: | | $ 0 |
| Stock and Bonds (provide description) | | $ 0 |
| Stock and Bonds (provide description) | | $ 0 |
| Other Property (list all jewelry, equipment, watercrafts, etc.) | | $ 0 |
| Bank Name | Type of Account Balance: | $ 0 |
| Bank Name | Type of Account Balance: | $ 0 |
| Bank Name | Type of Account Balance: | $ 0 |
| Bank Name | Type of Account Balance: | $ 0 |
| Other Assets (Identify) VALUE: | | $ 0 |
| **ASSETS TOTAL VALUE** | | $ 0 |

I have /have not (circle one) attempted to hire an attorney. The names of the attorneys I have contacted are as follows:

_____    _____

_____    _____

On this __4__ day of __November__, 20 _13__, I have been advised by the _____ Court of my right to representation by counsel to defend me as to the charge(s) pending against me. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true. I understand that if I receive an appointed attorney and make bond, I shall comply with the additional terms and conditions of bond imposed by the Court. I understand that any violation of these conditions may result in my bond being held insufficient and me being returned to custody.

IRIS HUERTA
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 09, 2017

_____
Defendant's Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, this __5__ day of _____11_____, 20 _13__.

_____
Signature

**RECOMMENDATION:**
☐ Indigent
☑ Partially Indigent
☐ Does Not Qualify
☐ Other _____

Verified on ___11/5/13___ by _____.

After reviewing this sworn Affidavit of Indigency, I find that this defendant is indigent under the guidelines of Brazoria County and is entitled to appointment of __Perry Stevens__ as his attorney, and as additional conditions of bond, defendant shall (1) keep all appointments with the attorney; (2) attend all court settings on time; and (3) notify the attorney or the attorney's office of any changes in his residence address, business address or telephone numbers within twenty-four (24) hours of such change.
_____ Defendant's Initials

__11/5/13__                          _____
Date                                 Judge/Court Administrator/Court Designee

000022

# VERIFICATION AGREEMENT

I do / do not (circle one) authorize the court to verify the financial information given to determine my eligibility by contacting my employer and/or other third parties who can confirm the information provided. I understand that if I do not authorize the court to contact the necessary parties, then I must provide verification of the information in a manner that is acceptable to the court or I will not have an attorney appointed.

IRIS HUERTA
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 09, 2017

_____
Applicant's Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, this ___5___ day of _____11_____, 20 _13_

_____
Signature

MY EMPLOYMENT INFORMATION:

JOB TITLE: _____

EMPLOYER'S NAME: _____

EMPLOYER'S ADDRESS: _____

SUPERVISOR'S NAME: _____

WORK PHONE: _____

HOURS OF WORK: _____

PAY RATE: _____

MY FINANCIAL INFORMATION:

NAME OF FINANCIAL INSTITUTION: _____

ACCOUNT NUMBER: _____

BALANCE: _____

_____
SIGNATURE OF EMPLOYEE/PERSON
SUBJECT TO FINANCIAL INFORMATION

NOTICE
1064417

71937 ( 149 )

# TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM
# FOR BRAZORIA COUNTY, TEXAS

**Denise Damian, Court Administrator**
111 E. Locust, Room 309
Angleton, TX 77515
979-864-1263 Phone
979-864-1893 Fax
denised@brazoria-county.com

**Iris Huerta, Indigent Defense Coordinator**
111 E. Locust, Room 309
Angleton, TX 77515
979-864-1683 Phone
979-864-1893 Fax
irish@brazoria-county.com

2013 DEC -5 AM 11: 21
FILED FOR RECORD
DISTRICT CLERK
BRAZORIA COUNTY, TEXAS

## NOTICE OF APPOINTMENT AND CONFIRMATION

### DATE ATTORNEY APPOINTED: 11/05/13

**ATTORNEY INFORMATION:**

| | |
|---|---|
| Name: STEVENS, PERRY | Phone: (979) 848-1111 |
| Address: 603 E MULBERRY<br>ANGLETON, TX 77515-0000 | Fax:    (979) 849-9398 |

In accordance with the Local Rules of Administration implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant by the end of the first working day after the date of the appointment and that the attorney personally interviewed the defendant no later than fifteen (15) days after Notice of Appointment. The confirmation must be filed with the Verification Office no later than three (3) days before my first court appearance for this case. If you have any questions, you may contact the Indigent Defense Coordinator.

## HEARING INFORMATION

**DEFENDANT INFORMATION:**

| | |
|---|---|
| Name: MOLNOSKEY, RYAN VICTOR<br>Address: ██████████████<br>PEARLAND, TX 77581-4495<br>Phone: ██████████████ | Cause No: FJ031723<br><br>Court: 3-2 |
| Case Information:  INJ CHILD/ELDERLY/DISABLED W/INT BODILY INJ F3 | |
| Defendant is in jail:    YES | Refiled:   FALSE |
| Docket Control Order Attached:    NO | |

## ACKNOWLEDGMENT:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____        11-26-13
Attorney Signature                          Date

**10085**

# TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM
## FOR BRAZORIA COUNTY, TEXAS

*Notice 1068025*

| | |
|---|---|
| Denise Damian, Court Administrator | Iris Huerta, Indigent Defense Coordinator |
| 111 E. Locust, Room 309 | 111 E. Locust, Room 309 |
| Angleton, TX 77515 | Angleton, TX 77515 |
| 979-864-1263 Phone | 979-864-1683 Phone |
| 979-864-1893 Fax | 979-864-1893 Fax |
| denised@brazoria-county.com | irish@brazoria-county.com |

## NOTICE OF APPOINTMENT AND CONFIRMATION

### DATE ATTORNEY APPOINTED: <u>12/16/13</u>

*FILED FOR RECORD 2013 DEC 18 AM 11:16 — District Clerk, Brazoria County, Texas*

**ATTORNEY INFORMATION:**

| | |
|---|---|
| **Name:** STEVENS, PERRY | **Phone:** (979) 848-1111 |
| **Address:** 603 E MULBERRY ANGLETON, TX 77515-0000 | **Fax:** (979) 849-9398 |

In accordance with the Local Rules of Administration implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant by the end of the first working day after the date of the appointment and that the attorney personally interviewed the defendant no later than fifteen (15) days after Notice of Appointment. The confirmation must be filed with the Verification Officer no later than three (3) days before my first court appearance for this case. If you have any questions, you may contact the Court Administrator or the Verification Officer.

## HEARING INFORMATION

| Date | Time | Description |
|---|---|---|
| 01/15/2014 | 09:00am | MTN TO ADJUDICATE GUILT |

**DEFENDANT INFORMATION:**

| | |
|---|---|
| **Name:** MOLNOSKEY, RYAN VICTOR<br>**Address:** ██████████<br>PEARLAND, TX 77581-4495<br>**Phone:** ██████████ | **Cause No:** 66494<br><br>**Court:** 149TH DISTRICT COURT |
| **Case Information:** MOTION TO ADJUDICATE GUILT; F3 | |
| **Defendant is in jail:** YES | **Refiled:** TRUE |
| **Docket Control Order Attached:** NO | |

ACKNOWLEDGMENT:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____     _____
Attorney Signature                            Date

**10085**

# TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM
## FOR BRAZORIA COUNTY, TEXAS

*Notice 9*
*1069469*

| | |
|---|---|
| **Denise Damian, Court Administrator** | **Iris Huerta, Indigent Defense Coordinator** |
| 111 E. Locust, Room 309 | 111 E. Locust, Room 309 |
| Angleton, TX 77515 | Angleton, TX 77515 |
| 979-864-1263 Phone | 979-864-1683 Phone |
| 979-864-1893 Fax | 979-864-1893 Fax |
| denised@brazoria-county.com | irish@brazoria-county.com |

## NOTICE OF APPOINTMENT AND CONFIRMATION

### DATE ATTORNEY APPOINTED: <u>12/16/13</u>

*[Stamp: FILED FOR RECORD 2013 DEC 18 AM 11:16 DISTRICT CLERK BRAZORIA COUNTY, TEXAS]*

**ATTORNEY INFORMATION:**

| | |
|---|---|
| **Name:** STEVENS, PERRY | **Phone:** (979) 848-1111 |
| **Address:** 603 E MULBERRY ANGLETON, TX 77515-0000 | **Fax:** (979) 849-9398 |

In accordance with the Local Rules of Administration implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant by the end of the first working day after the date of the appointment and that the attorney personally interviewed the defendant no later than fifteen (15) days after Notice of Appointment. The confirmation must be filed with the Verification Officer no later than three (3) days before my first court appearance for this case. If you have any questions, you may contact the Court Administrator or the Verification Officer.

## HEARING INFORMATION

| Date | Time | Description |
|---|---|---|
| 01/15/2014 | 09:00am | MTN TO ADJUDICATE GUILT |

**DEFENDANT INFORMATION:**

| | |
|---|---|
| **Name:** MOLNOSKEY, RYAN VICTOR | **Cause No:** 66495 |
| **Address:** ███████████████ PEARLAND, TX 77581-4495 | **Court:** 149TH DISTRICT COURT |
| **Phone:** ████████████ | |
| **Case Information:** MOTION TO ADJUDICATE GUILT; F3 | |
| **Defendant is in jail:** YES | **Refiled:** TRUE |
| **Docket Control Order Attached:** NO | |

<u>ACKNOWLEDGMENT</u>:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____        _____
Attorney Signature                                      Date

**10085**

**000004**

# AFFIDAVIT OF INDIGENCE

AF68C
10080?5
10/30

| | |
|---|---|
| *This section to be filled out by Court Personnel* | 147911/C782 |

CAUSE # 66495/66494/71937

The State of Texas
VS.

Ryan Molnoskey

JP #: _____
Bond: _____

In the __Mgly__ Court

Brazoria County, Texas

Offense Appeal —

Level of Offense F1, F3x2

All information must be completed by the defendant and must be current, accurate, and true. Intentionally or knowingly giving false information may result in your prosecution for the offense of aggravated perjury, a felony. The punishment for aggravated perjury includes imprisonment not to exceed ten (10) years and a fine not to exceed ten thousand dollars ($10,000). Please fill in all blanks. If you do not know the information being asked, enter DO NOT KNOW in the blank. If the information being asked does not apply to you, enter N/A in the blank.

## DEFENDANT'S PERSONAL INFORMATION

4 Bad
Glenn
Malnosky

| | |
|---|---|
| Name | Ryan Molnoskey |
| Phone Number | |
| Street Address | |
| City, State, Zip | Hockley TX 77477 |
| Social Security # | |
| Driver's License # | |
| Date of Birth | .84 |
| Name of Spouse | |
| Dependents: | 0 |

| Name(s) (list below): | Age | Relation | Income |
|---|---|---|---|
| Ø | | | |

FILED

at ____ o'clock ____ M.

JUL 16 2014

Clerk of District Court Brazoria Co., Texas
BY _____ DEPUTY

Are you currently in jail or in a correctional institution?
___ No
_X_ Yes   If yes, provide name of institution: BCSD — 10yr x 2
40

Are you currently residing in a mental health facility?
_✓_ No
___ Yes   If yes, provide name of facility: _____

Do you have an application pending at a mental health facility?
_✓_ No
___ Yes   If yes, provide name of facility: _____

| Employer Information | |
|---|---|
| Employer | |
| Phone Number | |
| Supervisor's Name | |
| Street Address: | |
| City, State, Zip | |
| Hours worked | per week  or _____ per month |
| Pay rate | |
| Spouse's Employer | |
| Street Address: | |
| City, State Zip | |
| Hours worked | per week  or _____ per month |
| Pay rate | *unployed - Nov. 2013* |

*Gif Baldy Dadia*
*Dad food shelter*

| If unemployed, list: | |
|---|---|
| Length of time unemployed | *Jam mechanical Plumber 2yrs* |
| Name of previous employer | *a 20 hr. - 40hr.* |
| Street Address of previous employer: | |
| City, State, Zip | |

**Public Assistance**
Are you currently receiving (check all that apply)
____ Food Stamps
____ Medicaid
____ Public housing
____ Temporary Assistance to Needy Families (TANF)
____ Supplemental Security Income (SSI)

## DEFENDANT'S FINANCIAL INFORMATION

| EXPENSES - Monthly | Monthly Payment | Loan and Debt Payments |
|---|---|---|
| Rent or Mortgage Payment | | Outstanding Loans (list type of Loans) |
| Car Payment | | |
| Insurance (Life, Health, Car, Homeowners, etc.) | | |
| Child Care | | Credit Card Debt (list name of cards) |
| Child Support | | Name: |
| Water | | Balance: $ _____ |
| | | Name: |
| Gas | | Balance: $ _____ |
| Telephone | | |
| Electricity | | Other Monthly Expenditures (Describe) |
| Food | | |
| Clothes | | |
| Medical | | |
| Cable TV or Satellite TV | | |
| Cell Phone | | |
| **TOTAL MONTHLY EXPENSES** | | $ |

000027

| INCOME - Monthly | Monthly Amount |
|---|---|
| Take Home Pay | |
| Spouse's Take Home Pay | |
| Investment Income | |
|   Stock Dividend | |
|   Bond Dividend | |
| Rental Income | |
| Pension Payments | |
| Unemployment | |
| Social Security Benefits | |
| Child Support | |
| Public Assistance | |
|   TANF | |
|   SSI | |
|   Medicaid | |
|   Other | |
| Cash Gifts | |
| Other (Describe) | |
| TOTAL GROSS MONTHLY INCOME | $ |

| ASSETS | | Value |
|---|---|---|
| Place of Residence ___ Rent ___ Own Describe if house, condominium, apartment, other: _lives w/ Dad_ | | $ |
| Real Property Owned; Description/Location: | | $ |
| Automobile Make:     Model:     Year: | | $ |
| Automobile Make:     Model:     Year: | | $ |
| Stock and Bonds (provide description) | | $ |
| Stock and Bonds (provide description) | | $ |
| Other Property (list all jewelry, equipment, watercrafts, etc.) | | $ |
| Bank Name | Type of Account    Balance: | $ |
| Bank Name | Type of Account    Balance: | $ |
| Bank Name | Type of Account    Balance: | $ |
| Bank Name | Type of Account    Balance: | $ |
| Other Assets (Identify)    VALUE: | | $ |
| ASSETS TOTAL VALUE | | $ |

000028

I have / have not (circle one) attempted to hire an attorney. The names of the attorneys I have contacted are as follows:

_____     _____

_____     _____

On this __15__ day of ____7____, 20 _14_, I have been advised by the _____ Court of my right to representation by counsel to defend me as to the charge(s) pending against me. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true. I understand that if I receive an appointed attorney and make bond, I shall comply with the additional terms and conditions of bond imposed by the Court. I understand that any violation of these conditions may result in my bond being held insufficient and me being returned to custody.

_____
Applicant's Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, this __15__ day of ____, 20 _14_.

MARY GONZALEZ
Notary Public
STATE OF TEXAS
Commission Exp. 11-07-2015

BY: _____
Notary/Officer

RECOMMENDATION:
☐ Indigent
☑ Partially Indigent
☐ Does Not Qualify
Comment: _____

Verified on __7·15·14__ by _____

After reviewing this sworn Affidavit of Indigency, I find that this defendant is indigent under the guidelines of Brazoria County and is entitled to appointment of __Kyle Verrett__ as his attorney, and as additional conditions of bond, defendant shall (1) keep all appointments with the attorney; (2) attend all court settings on time; and (3) notify the attorney or the attorney's office of any changes in his residence address, business address or telephone numbers within twenty-four (24) hours of such change.

_____ Defendant's Initials

__7/15/14__
Date

_____
Judge/Court Designee

FORM 2 - Affidavit of Indigence 2013.doc Page 4 of 5

000029

## VERIFICATION AGREEMENT

I do / do not (circle one) authorize the court to verify the financial information given to determine my eligibility by contacting my employer and/or other third parties who can confirm the information provided. I understand that if I do not authorize the court to contact the necessary parties, then I must provide verification of the information in a manner that is acceptable to the court or I will not have an attorney appointed.

_____
Applicant's Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, this ___5___ day of _____, 20_14_

MARY GONZALEZ
Notary Public
STATE OF TEXAS
Commission Exp. 11-07-2015

BY: _____
Notary/Officer

MY EMPLOYMENT INFORMATION:

JOB TITLE: _____
EMPLOYER'S NAME: _____
EMPLOYER'S ADDRESS: _____
SUPERVISOR'S NAME: _____
WORK PHONE: _____
HOURS OF WORK: _____
PAY RATE: _____

MY FINANCIAL INFORMATION:
NAME OF FINANCIAL INSTITUTION: _____
ACCOUNT NUMBER: _____
BALANCE: _____

_____
SIGNATURE OF EMPLOYEE/PERSON
SUBJECT TO FINANCIAL INFORMATION

000030