**Motion for Rehearing Granted in Part; Affirmed; Opinion of February 20, 2014 Withdrawn, and Opinion on Rehearing filed May 20, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00768-CR

---

### ROBERT EARL ADAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1313535**

---

## O P I N I O N   O N   R E H E A R I N G[1]

Appellant, Robert Earl Adams, challenges the trial court's assessment of a specific amount of court costs against him in the trial court's judgment following his plea of "guilty" to an indictment charging him with the offense of possession with intent to deliver a controlled substance. On original submission, this court

---

[1]We grant appellee's motion for rehearing based on the first ground in the motion, withdraw the opinion issued in this case on February 20, 2014, and issue this opinion on rehearing in its place. We need not and do not address appellee's alternative second ground for rehearing.

applied its own precedent to the issues in this appeal and affirmed the trial court's judgment after deleting the specific amount of court costs assessed in that judgment. Six days after our opinion on original submission issued, the Court of Criminal Appeals issued an opinion in which it abrogated this court's precedent on several of the issues in this appeal. Accordingly, we grant appellee's motion for rehearing based on the first ground in the motion, and apply the new precedent in this area, under which the trial court's judgment must be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded "guilty" to an indictment charging him with the offense of possession with intent to deliver a controlled substance; he pleaded "true" to the indictment's enhancement allegation. The trial court found him guilty, found the enhancement allegation to be true, assessed punishment at fifteen years' confinement, and assessed court costs in the amount of $294. Appellant challenges only the trial court's assessment of $294 in court costs.

On original submission, we applied this court's prior precedent in *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012), *rev'd*, 423 S.W.3d 385 (Tex. Crim. App. 2014) and *Rogers v. State*, 402 S.W.3d 410 (Tex. App.—Houston [14th Dist.] 2013), *vacated and remanded*, —S.W.3d—,—, 2014 WL 1464838, at *1 (Apr. 16, 2014). Under this precedent, we concluded that the record contains no evidence supporting the specific amount of court costs assessed, and we modified the trial court's judgment to delete the specified amount of court costs.

Less than a week after we issued our opinion, the Court of Criminal Appeals reversed this court's judgment in *Johnson*, addressed for the first time several of the issues raised in the case under review, and abrogated in several respects this court's precedent, which was the basis for our opinion on original submission. *See*

2

*Johnson v. State*, 423 S.W.3d 385, 388–96 (Tex. Crim. App. 2014). Accordingly, we grant the State's motion for rehearing based on the first ground in the motion, analyze the *Johnson* case, and apply the current law to appellant's arguments.

## II. ANALYSIS

Appellant presents a single issue in which he asserts there is insufficient evidence to support the $294 in court costs assessed in the trial court's judgment. Under this issue, appellant argues as follows: (1) there is no bill of costs or other documentation or evidence in the record that supports the assessment of $294 in court costs; (2) because appellant has been given no notice, either in the trial court or on appeal, of the items of costs assessed against him, appellant has had no opportunity to be heard on the correctness of those costs and his constitutional rights to due process and due course of law have been violated; (3) without a bill of costs, appellant has no way to determine whether any of the assessed costs are for attorney's fees assessed as costs under Texas Code of Criminal Procedure article 26.05(g); and (4) the proper remedy upon sustaining appellant's issue is for this court to modify the trial court's judgment to delete the specified amount of court costs and to order the Texas Department of Criminal Justice to reimburse appellant for all the money that has been withdrawn from his inmate trust account under Texas Government Code section 501.014(e)(4) based upon the assessment of costs.

**A.  What is the legal standard for reviewing assessed court costs under the Court of Criminal Appeals decision in *Johnson v. State*?**

We first examine the *Johnson v. State* case to determine the applicable state of the law regarding appellate review of challenges to a specific amount of costs assessed in a judgment. In *Johnson*, the trial court assessed a specific amount of court costs against appellant in its judgment. *See Johnson v. State*, 389 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2012), *rev'd*, 423 S.W.3d 385 (Tex.

3

Crim. App. 2014). On appeal in this court, the original clerk's record did not contain a bill of costs. *See id.* The trial court clerk later filed an affidavit with this court in which the clerk stated that the record in the case did not include a bill of costs. *See id.* After oral argument in this court, the trial court clerk filed a supplemental record containing what appeared to be a computer screen printout from the Harris County Justice Information Management System ("JIMS") showing court costs in appellant's case. *See id.* n.1. The trial court clerk did not certify that any costs had been incurred or assessed, but the trial court clerk did certify that the document was a true and correct copy of the original record. *See id.* The State did not argue that the supplemental record contained a bill of costs, and the appellant objected that the supplemental record did not contain a bill of costs. *See id.* Under article 103.001 of the Texas Code of Criminal Procedure, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost."[2] Tex. Code Crim. Proc. art. 103.001 (West 2014). In *Johnson*, this court concluded that the JIMS printout did not constitute a written bill of costs under article 103.001. *See Johnson*, 389 S.W.3d at 515–16 & n.1.

In *Johnson*, this court also concluded that, for the trial court to properly render judgment that a criminal defendant pay a specific amount of court costs, there must be evidence in the record before the trial court supporting the assessment of this amount of court costs. *See id.* This court concluded that an appellate court may review the sufficiency of the evidence supporting the assessment of a specific amount of costs in a judgment against a criminal

---

[2] Unless otherwise specified, all statutory references in this opinion are to the Texas Code of Criminal Procedure.

4

defendant. *See id.*at 516–17. And, this court concluded that, though the trial court did not err in ordering appellant to pay costs, as such is mandated by article 42.16, the trial court did err in entering a specific dollar amount of costs without any support in the record for that dollar amount. *See id.*

The State argued that appellant's complaint in *Johnson* was not ripe because, under article 103.001, appellant did not have to pay any court costs until a written bill of costs is ready. *See id.* at 516; Tex. Code Crim. Proc. art. 103.001. This court stated that, although the trial court's judgment appeared to conflict with article 103.001 by ordering appellant to pay court costs before a written bill of costs was ready, the judgment was formalized and could be acted upon in an attempt to collect the specific amount of assessed court costs. *See Johnson*, 389 S.W.3d at 516. This court noted that under Government Code section 501.014(e), on notification by a court, the Texas Department of Criminal Justice shall withdraw from an inmate's account any amount the inmate is ordered to pay by court order for, among other things, court costs. *See* Tex. Gov't Code § 501.014(e) (West 2014). This court concluded that the issue was ripe. *See id.*

In *Johnson*, the State further suggested that the proper remedy for appellant was to wait for the production of a written bill of costs and then file a motion seeking correction of any errors in the assessment of costs under article 103.008. *See* Tex. Code Crim. Proc. art. 103.008(a) (West 2014) (providing that "[o]n the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs"). This court concluded that, though this statute provides a procedure for correcting errors in costs, it does not explicitly or implicitly limit an appellant's ability to challenge on direct appeal the sufficiency of the evidence to support the part of the judgment in

5

which the trial court assesses a specific amount of court costs. *See Johnson*, 389 S.W.3d at 516–17.

Concluding that there was no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, this court reformed the trial court's judgment to delete the specific amount of costs and affirmed the judgment as modified. *See id.* at 517. The Court of Criminal Appeals granted review in *Johnson* to adjudicate the issues raised in that case and to provide guidance to the bench and bar through judicial dicta regarding appellate review of the assessment of a specific amount of assessed court costs in a judgment. *See Johnson v. State,*423 S.W.3d 385, 387–88 (Tex. Crim. App. 2014).

In article 103.001, the Texas Legislature provides that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced . . . ." Tex. Code Crim. Proc. art.103.001 (West 2014). In article 103.003, the Texas Legislature authorizes various government agents to collect money that is payable, among other things, under article 103.001. *See id.* art. 103.003 (West 2014). In *Johnson*, the Court of Criminal Appeals concluded that article 103.001 addresses when a cost can be collected by an agent of the State and that the Texas Legislature intended article 103.001 to prevent a defendant from paying unsubstantiated court costs. *See Johnson*, 423 S.W.3d at 389–91, 394–96. The high court stated that this statute "appears to act as a prohibition on the ability of designated state agents from collecting nonpayable, but assessed, court costs." *Id.* at 395. The Court of Criminal Appeals concluded that a trial court may order a defendant to pay a specific amount of court costs in its judgment even though there is no written bill of costs. *See Johnson*, 423 S.W.3d at 389–91, 394–96.

The high court agreed with this court that the issues in *Johnson* were ripe and that *Johnson* did not have to preserve error by voicing his complaint in the trial

6

court. *See id*. at 390–91. The high court disagreed with this court's determination that, for the trial court to properly order a criminal defendant to pay a specific amount of court costs, there must be evidence in the record before the trial court at the time of its judgment that supports the assessment of this amount of court costs. *See id.* at 390, 392–94. The Court of Criminal Appeals held that, because court costs are not part of the guilt or sentence of a criminal defendant and because they need not be proven at trial, appellate courts should review the assessment of court costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence to support the assessment of the specific amount of costs. *See id.* at 389–90.

The Court of Criminal Appeals also disagreed with this court's conclusion that the JIMS printout in the supplemental clerk's record was not a bill of costs. *See id.* at 392–94. The high court stated that a bill of costs must be written, contain the items of cost, be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and must be certified. *See id.* at 392.The court concluded that the JIMS printout contained the itemized court costs that had accrued in Johnson's case as well as the seal of the trial court clerk and the signature of a deputy clerk certifying that the document is a true and correct copy of the original. *See id.* at 393. The Court of Criminal Appeals concluded that the JIMS printout was a proper bill of costs that supported the trial court's assessment of costs and that this court should have considered it as a potential basis for the trial courts assessment of costs. *See id.* at 392–94.

In addition, the Court of Criminal Appeals determined that, while a case is pending in which an appellant is challenging the trial court's assessment of  costs, an appellate court may order the trial court clerk to prepare a bill of costs and to then supplement the clerk's record on appeal with that bill of costs. *See id.* at 391–

92. The high court concluded that an appellant is not prejudiced by the preparation of a bill of costs during the appeal because preservation of error at trial is not required and because the appellant has a separate statutory remedy under article 103.008 to correct erroneous or unsupportable costs. *See* Tex. Code Crim. Proc. art. 103.008 (West 2014) (stating that,"[o]n the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."); *Johnson*,423 S.W.3d at 392. The court indicated that a defendant may seek correction of the amount of court costs assessed in a judgment by means of a motion under article 103.008, even if the defendant also challenges the assessment of court costs on direct appeal. *See id.* at 391–92, 395. The high court noted that, although a bill of costs is not required to sustain the trial court's assessment of a specific amount of court costs, the issuance of a bill of costs is "the most expedient, and therefore, preferable method." *Id*. at 396.

In *Johnson*, the court stated that only statutorily authorized court costs may be assessed against a criminal defendant, and that all costs assessed against a defendant can be separated into two categories: (1) mandatory costs and (2) discretionary costs. *See id*. at 389. A mandatory cost is one other than attorney's fees that is a predetermined, legislatively mandated obligation imposed upon conviction. *Id*. Because mandatory costs are fixed by statutes that are published publicly in the laws of the State of Texas, the *Johnson* court concluded that a criminal defendant has constructive notice of those laws, and that courts should take judicial notice of those laws. *See id*. The high court indicated that, in the absence of any bill of costs, an appellate court could determine that there is a basis in the record for the amount of costs assessed by the trial court by taking judicial notice of mandatory cost statutes and then determining that facts in the record

8

show that the various mandatory cost statutes have been triggered and that the sum of these mandatory costs is equal to or greater than the amount of costs assessed by the trial court. *See id.* at 388–89, 395–96 & n.9.

Having reviewed the law applicable under the holding and judicial dicta in the Court of Criminal Appeals's opinion in *Johnson*, we turn to the issues in the case under review.

**B.** **Is appellant's court-cost challenge ripe?**

We first address the State's argument that appellant's complaint is not ripe for review because appellant is not required to pay the court costs until a written bill has been produced and no such bill has been produced. In *Johnson*, this court rejected the same lack-of-ripeness argument, and the Court of Criminal Appeals agreed that the challenge to the court costs was ripe without basing its ruling on its later conclusion that the record contained a bill of costs. *See Johnson*, 423 S.W.3d at 391; *Johnson*, 389 S.W.3d at 516. Under this binding precedent, appellant's challenge to the assessment of court costs is ripe. *See Johnson*, 423 S.W.3d at 391; *Johnson*, 389 S.W.3d at 516.

**C.** **Is there a basis in the record for the trial court's assessment of the specific amount of court costs against appellant?**

We next turn to the merits of appellant's challenge to the assessment of court costs. Appellant argues that the assessed costs should be deleted because there is no bill of costs or other documentation or evidence in the record that supports the assessment of $294 in court costs. In the case under review there is no bill of costs, and this court has not ordered the trial court clerk to prepare a bill of costs. Nonetheless, the Court of Criminal Appeals has concluded that an assessment of an amount of costs may be affirmed without a bill of costs. *See Johnson*, 423 S.W.3d at 389–91, 394–96. Appellant asserts that the evidence before the trial court is

insufficient to support the assessment of costs, but the high court has held that an assessment of costs is not reviewed to determine if the evidence before the trial court was sufficient; instead, this court must review the entire record to determine if there is a basis in the record for the amount of court costs assessed. *See Johnson*, 423 S.W.3d at 389–91, 394–96.

As instructed by the Court of Criminal Appeals in *Johnson*, we take judicial notice of the following mandatory-cost statutes:

- Article 102.011(a)(1), under which a defendant convicted of a felony must pay $5 when a peace officer makes a warrantless arrest;

- Article 102.011(a)(6), under which a defendant convicted of a felony must pay $5 for the services performed in the case by a peace officer during each commitment or release;

- Article 102.005(a), under which a defendant convicted of an offense in district court must pay $40 for the services of the clerk;

- Article 102.017(a), under which a defendant convicted of a felony in district court must pay a $5 security fee;

- Texas Local Government Code section 133.102, under which a person convicted of a felony must pay $133 as court costs;

- Article 102.0045(a), under which a person convicted of an offense other than a pedestrian or parking offense must pay a $4 jury reimbursement fee;

- Article 102.005(f), under which a defendant convicted of a felony in district court must pay $25 for records management and preservation services;

- Article 102.0178(a) and (g), under which a person convicted of a felony under Texas Health and Safety Code chapter 481 must pay $60 to fund drug court programs;

- Texas Local Government Code section 133.107, under which a person a convicted of an offense other than a pedestrian or parking offense must pay $2 to fund indigent representation;

10

- Texas Local Government Code section 133.105, under which a person convicted of an offense other than a pedestrian or parking offense must pay $6 to support the judiciary;

- Article 102.0169(a), under which a defendant convicted of an offense in district court must pay a $4 technology fee.

The record reflects that (1) appellant was arrested without a warrant;[3] (2) appellant was committed or released two times; and (3) appellant was convicted in a district court of a felony under Texas Health and Safety Code chapter 481, that was not a pedestrian or parking offense. Therefore, applying the judicial dicta from the *Johnson*, we conclude that the there is a basis in the record for assessing $294 in court costs against appellant. *See Johnson*, 423 S.W.3d at 389–91, 394–96; *Garza v. State*,—S.W.3d —, —, 2014 WL 1258018, at *3–5 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet. h.).

Appellant argues that the assessment of costs should not be upheld without a bill of costs because, without a bill of costs, he has no way to determine whether any of the assessed costs are for attorney's fees assessed as costs under Texas Code of Criminal Procedure article 26.05(g). *See* Tex. Code Crim. Proc. art. 26.05(g) (West 2014). Presuming for the sake of argument that this is so, the Court of Criminal Appeals has stated in binding judicial dicta that a bill of costs is not required to sustain the trial court's assessment of a specific amount of court costs. *See Johnson*, 423 S.W.3d at 389–91, 394–96. Under this authority, we must reject appellant's argument.

For the foregoing reasons, we conclude that appellant's challenge to the trial court's assessment of $294 in court costs against him lacks merit. *See Johnson*, 423 S.W.3d at 389–91, 394–96; *Garza*, 2014 WL 1258018, at *3–5.

---

[3] If appellant had been arrested under a warrant, he would be subject to a higher mandatory court cost. *See* Tex. Code Crim. Proc. Ann. § 102.011(a)(2).

11

**D. Have appellant's constitutional rights to due process and due course of law been violated in the trial court or on appeal?**

Appellant also argues that, because he has been given no notice, either in the trial court or on appeal, of the items of costs assessed against him, appellant has had no opportunity to be heard on the correctness of those costs and his constitutional rights to due process under the United States Constitution and due course of law under the Texas Constitution have been violated. Presuming without deciding, that appellant did not have to preserve error as to any part of these arguments in the trial court, these arguments lack merit under precedent from the Court of Criminal Appeals. *See Cardenas v. State*, 423 S.W.3d 396, 398–99; *Johnson*, 423 S.W.3d at 388–89. The high court has held that criminal defendants have constructive notice of the mandatory-cost statutes and that the procedures outlined in *Johnson* provide defendants with notice and an opportunity to be heard because, (1) appellants do not have to preserve error in the trial court; (2) appellants may challenge the assessment of court costs on direct appeal; and (3) appellants also may challenge the assessment of court costs by a motion under article 103.008. *See Cardenas v. State*, 423 S.W.3d 396, 398–99; *Johnson*, 423 S.W.3d at 388–89. Therefore, under this precedent, appellant's constitutional challenges lack merit. *See Cardenas v. State*, 423 S.W.3d 396, 398–99; *Johnson*, 423 S.W.3d at 388–89.

We have rejected all of appellant's arguments under his sole issue.[4]

### III. CONCLUSION

In light of the Court of Criminal Appeals' recent decisions in *Johnson v. State* and *Cardenas v. State*, the arguments that appellant advances lack merit.

---

[4] Because we do not sustain appellant's issue, we need not address appellant's argument regarding the proper relief that should be granted upon sustaining this issue.

Accordingly, appellant's sole issue is overruled and the trial court's judgment is affirmed.

/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Publish — TEX. R. APP. P. 47.2(b).