

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DUNKAN THOMAS BOYCE, | § | No. 08-13-00321-CR |
| Appellant, | § | Appeal from |
| v. | § | 366th District Court |
| THE STATE OF TEXAS, | § | of Colin County, Texas |
| Appellee. | § | (TC # 366-81420-2012) |

**O P I N I O N**

This appeal arises from a guilty plea in an attempted murder case.[1] The issues focus only on the Bill of Costs, an Order to Withdraw Funds from Appellant's prison account, and restitution to his victim. For the reasons stated below, we reverse and reform in part and dismiss in part.

**FACTUAL SUMMARY**

Appellant entered a guilty plea on August 28, 2013 to a charge of attempted murder. He did so without a plea bargain and elected to have the trial court determine his sentence. At the plea hearing, the court took testimony and heard argument germane to both an appropriate prison

---

[1] This case was transferred to us from our sister court in Dallas pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedents of the Dallas Court of Appeals in deciding this matter. *See* TEX.R.APP.P. 41.3.

sentence, and the amount of restitution for the victim. The trial judge orally pronounced a sentence of twenty years' confinement, but did not order any restitution.

The Judgment of Conviction, signed on August 29, 2013, sentenced Appellant to twenty years' confinement, assessed court costs of $304.50, and also ordered him to pay restitution of $23,883. The Collin County District Clerk prepared a Bill of Costs dated September 6, 2013, which itemized various fees and costs. The Bill of Costs totals $3,504.50. Included on the Bill of Costs is a line item of $3,200 for "Attorney Fees." The balance of the Bill of Costs consists of other various line item fees which total $304.50.

On September 9, 2013, the trial judge signed an Order to Withdraw Funds, which authorized a schedule for deductions from Appellant's prison account until the total sum of $3,504.50 was repaid. The order claims on its face that it "does not include attorney fees assessed if any." [sic]. But it is apparent from examining the Bill of Costs that the difference between the court costs in the judgment ($304.50) and the amount on the Order to Withdraw Funds ($3,504.50) is exactly the amount of the attorney's fees billed by Appellant's court appointed attorney. Appellant was assigned defense counsel at the trial court level under a claim of indigency which has not been challenged by the State. There were no subsequent hearings to determine if his indigency status had changed during the course of the proceedings below, and he has court appointed counsel on appeal.

Appellant brings two issues for review. In Issue One, he contends that the Bill of Costs and Order to Withdraw Funds erroneously contains the amount of attorney's fees incurred by his court appointed trial counsel. In Issue Two he contends that because the trial judge did not order restitution when the sentence was pronounced, it was improper to later add restitution to the Judgment of Conviction.

**ATTORNEY'S FEES**

Appellant challenges the Bill of Costs and Order Withdrawing Funds prepared and signed several weeks after the trial court pronounced sentence. They both appear to include a $3,200 charge for the attorney's fee expended in Appellant's defense.

Both Appellant and the State agree with most of the basic legal propositions which govern this issue. They agree that an indigent defendant cannot be taxed the cost of his or her court appointed lawyer unless the trial court finds that the defendant has the financial resources to repay those costs, in whole or part. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010); TEX.CODE CRIM.PROC.ANN. art. 26.05(g)(West Supp. 2014)(allowing taxing of fees as costs, but only upon a showing the defendant has the financial resources to offset the costs in whole or part). They agree that a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX.CODE CRIM.PROC.ANN. art. 26.04(p); *Cates v. State,* 402 S.W.3d 250, 251 (Tex.Crim.App. 2013). And they agree that Appellant was initially found to be indigent and was appointed counsel, and that there has been no finding of any material change in his financial condition. Nor does the State refute that the record shows that while the Judgment of Conviction taxes $304.50 in court costs, the Clerk's Bill of Costs, and the Order to Withdraw Funds, has added $3,200, the exact amount of the attorney's fees in the case. Where the parties differ is what to do about this state of affairs.

Appellant asks us to reform the Bill of Costs and the Order to Withdraw Funds to delete the amount of attorney's fees. The State responds that Appellant is obliged to file a motion with the trial court to correct any errors in the Bill of Costs. The State further argues that we are without jurisdiction to hear a challenge to the Order to Withdraw Funds, *citing Lewis v. State*,

3

No. 05-12-00844-CR, 2014 WL 31690 at *7 (Tex.App.--Dallas Jan. 6, 2014, pet. ref'd)(mem. op., not designated for publication).

In this transferred appeal, we are of course bound by the precedents of the Dallas Court of Appeals. TEX.R.APP.P. 41.3. In *Lewis*, the Dallas Court was faced with a challenge to a trial court's Order Withdrawing Funds from the defendant's prison account. *Id* at *7. The order had been entered pursuant to TEX.GOV'T CODE ANN. § 501.014 (West 2012) which authorizes a prison administrator to withdraw funds from a prisoner's account, to among other things, pay restitution amounts and court costs. Noting that the Order to Withdraw is akin to a garnishment, and is a civil matter, the *Lewis* court held it lacked jurisdiction to review the Order to Withdraw under the notice of appeal which had been filed. *Id.* "The withdrawal order is not a criminal matter; it stems from a civil proceeding that is separate and independent from the judgment that assessed appellant's conviction and sentence." *Id. citing Harrell v. State,* 286 S.W.3d 315, 317-19 (Tex. 2009) and *In re Johnson,* 280 S.W.3d 866, 873-74 (Tex.Crim.App. 2008).

*Lewis* is consistent with other decisions from the Dallas Court and we are obliged to follow it. *Villa v. State*, No. 05-10-00584-CR, 2011 WL 6848392, at *14 (Tex.App.--Dallas Dec. 30, 2011, no pet.)(mem. op., not designated for publication); *Roberts v. State*, No. 05-10-00632-CR, 2011 WL 6225229, at *6 (Tex.App.--Dallas Dec. 15, 2011, pet. ref'd)(mem. op., not designated for publication). But that does not end our inquiry. *Lewis*, *Villa*, and *Roberts* all dealt with challenges to a trial court's Order to Withdraw Funds, which the Texas Supreme Court has likened to a civil turnover order or garnishment. *Harrell,* 286 S.W.3d at 317-19. We understand Appellant's position in this case to challenge not only that Order, but also the Bill of Cost issued by the District Clerk. While we dismiss the appeal with respect to the Order to Withdraw Funds, we view the attack on the Bill of Costs differently.

4

"A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX.CODE CRIM.PROC.ANN. art. 103.001 (West 2006). A cost bill is not essential to tax court costs against a criminal defendant, but it is favored and preferred. *Johnson v. State*, 423 S.W.3d 385 (Tex.Crim.App. 2014)(holding there is no requirement for challenging costs with the trial court first). Once issued, it can be specifically challenged by motion. *See* TEX.CODE CRIM.PROC.ANN. art. 103.008(a)("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."). The State contends that a motion under Article 103.008(a) must first be filed as a predicate to our review. It cites no cases for this proposition, and we find contrary authority allowing for the direct challenge to court costs and attorney's fees on appeal, even when no challenge was made to the trial court. *Johnson v. State*, 423 S.W.3d 385 (Tex.Crim.App. 2014)(no requirement for challenging costs at the trial court); *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010)(no need to object to attorney's fees at trial court level).

Several cases have reviewed Bill of Costs generally, and some specifically under the claim that they erroneously included a charge for attorney's fees. *Cardenas v. State,* 423 S.W.3d 396, 398 (Tex.Crim.App. 2014)(affirming review of bill of costs on direct appeal); *Adams v. State*, 431 S.W.3d 832, 837 (Tex.App.--Houston [14th Dist.] 2014, no pet.)(challenge to court costs where no bill of costs had been prepared); *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980 *3 (Tex.App.--Houston [1st Dist.] Mar. 21, 2013, no pet.)(challenge to sufficiency of evidence of cost bill, finding no indication it included attorney's fees). The San Antonio and

5

Fort Worth Courts of Appeals have deleted the erroneous inclusion of attorney's fees in Bill of Costs in cases nearly identical to the situation here. *Levins v. State*, No. 04-13-00866-CR, 2014 WL 2158425 at*1 (Tex.App.--San Antonio May 21, 2014, no pet.)(mem. op., not designated for publication)(amending bill of costs to delete erroneous inclusion of attorney's fees); *Tarver v. State,* No. 02-13-00394-CR, 2014 WL 1510105 at*2 (Tex.App.--Fort Worth, Apr. 17, 2014, no pet.)(mem. op., not designated for publication)(same).

While we do not have jurisdiction to modify the Order to Withdraw Funds, we do have jurisdiction to correct the Bill of Costs. Based on the State offering no substantive reason why the Bill of Costs should include a $3,200 charge for attorney's fees, we reform it to delete the charge.

## RESTITUTION

When there is a variance between the sentence as orally pronounced in court, and as found in the Judgment of Conviction, the oral pronouncement controls. *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App. 2002). In this case, the oral pronouncement did not include a restitution order; the Judgment of Conviction, however, did. The State agrees that this is error and that the remedy is for us to modify the Judgment of Conviction to delete the restitution order of $23,883. We agree and reform the Judgment of Conviction to delete that sum.

We therefore modify the Judgment of Conviction to delete the assessment of restitution and modify the Bill of Costs to delete the line item for attorney's fees. Because we are without jurisdiction to address the Order to Withdraw Funds, we dismiss that part of the appeal.

March 19, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

6