**Affirmed and Memorandum Opinion filed July 25, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00505-CR

---

**MARK DWIGHT MASON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1529090**

---

## MEMORANDUM OPINION

Appellant appeals his conviction for aggravated robbery. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised

of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). At appellant's request, the record was provided to him. On April 25, 2019, appellant filed a pro se response to counsel's brief.

Counsel raised one issue in the *Anders* brief that, if sustained, would result in reformation of the assessment of court costs in the judgment. In an appeal in which counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child complainant).

In a single issue, appellant argues the judgment should be reformed to delete the assessment of the $4.00 jury reimbursement fee assessed pursuant to article 102.0045(a) of the Texas Code of Criminal Procedure. Article 102.0045(a) provides:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.

Citing this court's unpublished opinion in *Hunter v. State*, No. 14-15-00575-CR, 2016 WL 675327, at *1 (Tex. App.—Houston [14th Dist.] Feb. 18, 2016, no pet.), appellant argues that because he was not tried by a jury the jury fee is not authorized. In *Hunter*, this court, in an *Anders* opinion, reformed the judgment to delete a jury fee pursuant to article 102.004, the jury reimbursement fee pursuant to article 102.0045, and a sheriff's fee pursuant to article 102.011. *Id*. at *1–2.

In this case, the State filed a brief in response to appellant's issue in which it argues that the jury reimbursement fee is directed toward any "person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor

vehicle," not just a defendant who was tried by a jury. In that regard, the State argues the portion of *Hunter* in which this court deleted the assessment of a court cost under article 102.0045 was incorrect. This court is not bound by the prior unpublished decision. Tex. R. App. P. 77.3.

This court has held in a published opinion that the jury reimbursement fee is an appropriate cost even if no jury was summoned. *Adams v. State*, 431 S.W.3d 832 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In *Adams*, the defendant pleaded guilty to the felony offense of possession of a controlled substance with intent to deliver. *Id.* at 833. Appellant challenged, among other fees, assessment of the article 102.0045(a) jury reimbursement fee. *Id.* at 838. This court upheld assessment of the fee because "appellant was convicted in a district court of a felony under Texas Health and Safety Code chapter 481, that was not a pedestrian or parking offense." *Id.*; *see also Davila v. State*, 441 S.W.3d 751, 763 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (upholding article 102.0045(a) jury reimbursement fee as an appropriate cost in a guilty-plea case).

We are bound by this court's published precedent in *Adams* rather than the statements in the unpublished *Hunter* case. We overrule appellant's issue requesting reformation of the judgment.

We have carefully reviewed the record, counsel's brief, and appellant's response, and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.


PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).