

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00096-CR

———————————————

WARREN SCROGGIN JR. A/K/A WARREN SCROGGIN A/K/A WARREN
SCROGGINS JR. A/K/A WARREN SCROGGINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F18-1295-362

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Warren Dale Scroggin Jr. challenges the costs that were assessed against him. We affirm.

In 2018, Scroggin was indicted for felony driving while intoxicated, which was his third time to be charged with felony driving while intoxicated. He pleaded guilty and was sentenced to sixty years' confinement.

In his sole issue, Scroggin contests the $359 that the trial court assessed as court costs. Scroggin observes that he was found to be indigent and that the State introduced no evidence of his ability to pay. He contends that the trial court cannot assess costs against an indigent person without such evidence. As support, he quotes a passage from *Mayer v. State*: "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Scroggin argues that based on the seeming breadth of this sentence, *Mayer*'s requirements should apply to all forms of "costs and fees" that may be assessed. *See id.*

When liberated from its context, the passage that Scroggin quotes might appear to require proof of ability to pay before any costs may be assessed. But as the court of criminal appeals has cautioned, "Context is a primary determinant of meaning." *Hughitt v. State*, 583 S.W.3d 623, 630 n.34 (Tex. Crim. App. 2019) (quoting Antonin Scalia &

Bryan A. Garner, Reading Law 167 (2012)). When placed in context,[1] it becomes clear

that the *Mayer* court was demanding this form of proof only before indigent defendants

may be called upon to reimburse the State for the cost of appointed counsel:

> The court of appeals referred to the provisions of article 26.05(g) . . . as authorization for the trial court to order the defendant to repay the *costs of court-appointed legal counsel*. Specifically, article 26.05(g) provides that, if the trial court determines that a defendant has the financial resources that enable him to offset in whole or in part the *costs of the legal services provided*, the court shall order him to pay, as court costs, the amount that it finds the defendant is able to pay. Thus the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.

309 S.W.3d at 556 (emphasis added). *Mayer* relied on Article 26.05(g), which governs

reimbursement for the cost of legal services only, and which expressly conditions the

trial court's authority on a defendant's ability to pay. *Id.* (citing Tex. Code Crim. Proc.

Ann. art. 26.05(g)). *Mayer* did not mention any other types of costs that are subject to

the same standard of proof.[2] *Id.*

Based on these considerations, courts have concluded that "*Mayer* is inapplicable

with regard to" other forms of costs. *Dissette v. State*, No. 09-11-00672-CR, 2012 WL

---

[1] *See Wolfe v. State*, 509 S.W.3d 325, 342 (Tex. Crim. App. 2017) (illustrating how reading a passage without its context might lead to one conclusion but reading the passage in context led to another conclusion).

[2] In the same way, we find another case cited by Scroggin, *Slaughter v. State*, to be distinguishable. Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *2 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.) (mem. op., not designated for publication) (per curiam). There we deleted an assessment for attorney's fees because there was no evidence showing ability to pay. *Id.* Notably, we made no suggestion that other types of costs may be struck for want of this evidence. *Id.*

1249014, at *1 (Tex. App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for publication); *see also Johnson v. State*, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.) (holding that appellant was "required to pay all of these costs, except the attorney's fees, regardless of her indigence" and collecting cases reaching the same result). These courts have further reasoned that unlike Article 26.05, the statutes authorizing other forms of costs are not necessarily contingent on evidence of ability to pay, and they thus "differ[] substantially from the statute authorizing the award of attorney fees." *Dissette*, 2012 WL 1249014, at *2. Therefore, we do not agree with Scroggin's contention that ability to pay is a precondition for these other forms of costs; as we have held, "a convicted defendant's indigency is not relevant to the amount of court costs assessed when those court costs do not include an obligation to pay court-appointed attorney's fees under code of criminal procedure article 26.05(g)." *Slaven v. State*, Nos. 02-11-00297-CV through 02-11-00305-CV, 2012 WL 5535603, at *4 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op., not designated for publication) (per curiam).

In the alternative, Scroggin contends that even if ability to pay is not a consideration, we should strike three amounts from the judgment and the bill of costs for other reasons. First, Scroggin submits that there is no statute that authorizes the collection of two of the fees, the "E-Filing Fee" of $5 and the "Time Payment Fee" of $25. We again disagree. The E-Filing Fee is authorized by the Government Code, Tex.

4

Gov't Code Ann. § 51.851(d), and the Time Payment Fee is authorized by the Local Government Code, Tex. Loc. Gov't Code Ann. § 133.103(a).

Second, Scroggin contends that he should not have been assessed a $4 "State Jury Reimbursement Fund" fee because he pleaded guilty and because punishment was tried to the bench. He reasons that because no jury was involved in his case, it is improper to charge him a fee related to jury services.

But according to the plain terms of the authorizing statute, this "fee is directed toward any 'person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle,' not just a defendant who was tried by a jury." *Mason v. State*, No. 14-18-00505-CR, 2019 WL 3367160, at *1 (Tex. App.—Houston [14th Dist.] July 25, 2019, no pet.) (mem. op., not designated for publication) (per curiam) (quoting Tex. Code Crim. Proc. Ann. art. 102.0045(a)); *see Pena v. State*, No. 07-10-00503-CV, 2012 WL 2729293, at *1 n.2 (Tex. App.—Amarillo July 9, 2012, pet. denied) (mem. op., not designated for publication) (similar); *see also Adams v. State*, 431 S.W.3d 832, 833, 838 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) (upholding assessment of this fee in a guilty-plea case). Thus, "the jury reimbursement fee is an appropriate cost even if no jury was summoned." *Mason*, 2019 WL 3367160, at *1.

Having found no merit in Scroggin's challenges, we conclude that the trial court did not err in assessing $359 in court costs.  We overrule his only issue and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 30, 2020