# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00761-CR

---

**Jacob Joseph Romo, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-17-0417-SA, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Jacob Joseph Romo appeals the assessment of court-appointed attorney's fees and a jury-reimbursement fee as court costs when the district court adjudicated his guilt in 2019. We will modify the judgment adjudicating guilt and affirm it as modified.

Romo was charged with the state-jail-felony offense of burglary of a building, committed in 2016; pled guilty to that offense; and was placed on two years' deferred-adjudication community supervision in 2017. *See* Tex. Penal Code § 30.02(a)(1) (defining offense of burglary), (c)(1) (providing that offense is state-jail felony if committed in building other than habitation); Tex. Code Crim. Proc. art. 42A.101 (addressing deferred-adjudication community supervision). Romo's community-supervision term was extended by three years in lieu of revocation. The State subsequently filed a "Motion to Revoke Deferred Adjudication Probation and to Proceed to Adjudicate Guilt," alleging that he violated his community

supervision when he was arrested for public intoxication.  *See* Tex. Code Crim. Proc. art. 42A.751 (addressing detention and hearing after violation of community supervision).  Romo pled "true" to three of the violation paragraphs in the motion to revoke.

At the hearing on the motion to revoke, the district court heard testimony from three community-supervision officers and Romo.  One of the community-supervision officers stated that Romo's community supervision was transferred to another county for a job opportunity and noted that Romo made the monthly payments required by his community supervision terms.  Romo testified that his work involved welding battery tanks in the oil field six days a week, for eleven to twelve hours a day, and that "[i]t was a good paying job."  Romo's earnings were unspecified.  However, the record reflects that he lost this job when he was arrested for public intoxication and that he had that job for only three or four months.

At the conclusion of evidence, the district court revoked Romo's community supervision, adjudicated his guilt for the burglary offense, and sentenced him to 545 days in the state-jail division of the Texas Department of Criminal Justice.  *See id.* art. 42A.755 (addressing revocation of community supervision); Tex. Penal Code § 12.35 (providing punishment range of 180 days to two years' imprisonment for state-jail felony offense).  The judgment adjudicating guilt incorporated the assessed court costs, including $750.00 for court-appointed attorney's fees and a $4.00 jury-reimbursement fee.  Romo had court-appointed counsel at all stages of the case: before trial, for the motion to revoke, and on appeal.  He received a free record.

Given his indigent status, Romo contends that the district court improperly assessed the court-appointed attorney's fees and jury-reimbursement fee against him.[1]  We

_____

[1] Romo's appellate issues relate only to the court costs assessed for court-appointed attorney's fees and the jury-reimbursement fee.  Recitation of the facts underlying Romo's

address only Romo's challenge to the assessment of the attorney's fees and jury-reimbursement fee ordered with the 2019 judgment adjudicating guilt,[2] which we will modify and affirm as modified.

## DISCUSSION

**Court-Appointed Attorney's Fees**

In his first issue, Romo contends that the district court improperly assessed $750.00 for court-appointed attorney's fees against him. Romo notes that his indigent status never changed during his case.

We construe this issue as a complaint about the sufficiency of the evidence supporting the district court's judgment adjudicating guilt incorporating the assessed $750.00 for court-appointed attorney's fees. A complaint about the sufficiency of evidence as to a defendant's financial resources and ability to pay are not waived when, as here, there is no such

---

adjudication of guilt is unnecessary to our disposition of these issues. *See* Tex. R. App. P. 47.1 (requiring issuance of opinion that is brief as possible but addresses every issue raised and necessary to final disposition of appeal).

[2] Romo cannot appeal these costs as to his 2017 deferred-adjudication judgment. Although those fees could have been challenged on appeal from the imposition of community supervision, Romo executed a waiver of his right to appeal that judgment when he pleaded guilty. Thus, he has forfeited any challenge to the assessment of the attorney's fees and jury-reimbursement fee that were ordered in 2017 when his adjudication was deferred and he was placed on community supervision. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) (holding that, by foregoing her initial appeal, defendant forfeited her complaint as to attorney's fee originally imposed when defendant was placed on deferred adjudication); *Perez v. State*, 424 S.W.3d 81, 85-86 (Tex. Crim. App. 2014) ("Appellant's waiver of his right to appeal does not excuse his failure to appeal the assessment of court costs at the time of the original imposition of community supervision."); *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (concluding that defendant forfeited complaint as to sufficiency of evidence supporting attorney's fees imposed when his community supervision was ordered because defendant failed to present that complaint in direct appeal from order originally imposing community supervision).

complaint raised before the trial court. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We evaluate the sufficiency of the evidence by viewing all the record evidence in the light most favorable to the trial court's ruling. *See id.* at 557.

Article 26.05(g) of the Code of Criminal Procedure addresses the compensation of appointed counsel, providing that a defendant may be ordered to repay costs of court-appointed legal counsel that the trial court finds the defendant can pay:

> If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.0151(c) or (d) [discussing circumstances entitling defendant to appointment of counsel], including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that the judge finds the defendant is able to pay. A trial judge has the authority to order a defendant to repay costs of court-appointed legal counsel that the court finds the defendant is able to pay.

Tex. Code Crim. Proc. art. 26.05(g). Thus, "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556 (citing Tex. Code Crim. Proc. art. 26.05(g)). "Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Further, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. art. 26.04(p); *Mayer*, 309 S.W.3d at 557; *see Cates*, 402 S.W.3d at 251-52 (concluding that because trial court had determined that defendant was indigent and because there was no subsequent finding that

4

defendant was able to repay any amount of costs of his court-appointed legal counsel, record lacked factual basis to support determination that defendant could pay those assessed fees).

Here, the record contains insufficient evidence of Romo's financial circumstances and his ability to pay the assessed attorney's fees. Although there was testimony that Romo made monthly payments required by his community-supervision terms and that he had a "good paying job" as a welder, there was no evidence in the record about how much he earned from that work. More importantly, the record reflects that Romo lost his job after the public-intoxication arrest and after he held that job for only three or four months.

As we have noted, the district court provided Romo with appointed counsel before trial, for the motion to revoke, and on appeal, and Romo received a free appellate record. Significantly, the record contains no evidence or court finding showing that Romo's indigent status had changed. *See Cates*, 402 S.W.3d at 251-52; *Mayer*, 309 S.W.3d at 557. Further, nothing in the record shows that the district court made any "present determination of [Romo's] financial resources" and ability to pay his court-appointed attorney's fees when the court adjudicated Romo's guilt. *Cf.* Tex. Code Crim. Proc. art. 26.05(g) (authorizing trial judge to order defendant to repay costs of court-appointed legal counsel that court finds defendant has ability to pay); *see Cates*, 402 S.W.3d at 252. In this context, the proper remedy is to delete the court-appointed attorney's fees from the assessment of costs. *See Cates*, 402 S.W.3d at 252.

Accordingly, we sustain Romo's first issue and modify the judgment adjudicating guilt, which incorporates the assessed court costs, to delete the $750.00 cost for court-appointed attorney's fees.

**Jury-Reimbursement Fee**

In his second issue, Romo contends that the district court improperly assessed a $4.00 jury-reimbursement fee against him. He notes that a jury was never called or empaneled for any matter on his case and states that the jury-reimbursement fee "is a fee for a service never rendered." However, assessment of this fee was required by statute and not dependent on whether there was a jury in his criminal case.

Former article 102.0045(a) of the Code of Criminal Procedure—applicable because Romo's burglary offense occurred before January 1, 2020[3]—required that

> [a] person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.

Act of May 27, 2005, 79th Leg., R.S., ch. 1360, § 5, 2005 Tex. Gen. Laws 4255, 4256, *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(2), 2019 Tex. Gen. Laws __, __; *see* Tex. Gov't Code § 61.0015 (addressing State's reimbursements to counties). Texas courts have determined that the jury-reimbursement fee is an appropriate cost even when a defendant pleads guilty and no jury was summoned. *See, e.g.*, *Davila v. State*, 441 S.W.3d 751, 763 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (rejecting challenge to jury-reimbursement fee included as court costs assessed against defendant after he pled guilty); *Adams v. State*, 431 S.W.3d 832, 838

---

[3] The Texas Legislature repealed subsection 102.0045(a) of the Code of Criminal Procedure effective January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(2), 2019 Tex. Gen. Laws __, __. The prior law applies to Romo's 2016 burglary offense. *See id.* §§ 5.01 (providing that amendments apply only to fee on conviction for offense committed on or after Act's effective date, that offense committed before effective date is governed by prior law, and that offense was committed before Act's effective date if any element of offense occurred before effective date), .04 (providing effective date of January 1, 2020).

6

(Tex. App.—Houston [14th Dist.] 2014, no pet.) (same); *see also Scroggin v. State*, No. 02-19-00096-CR, 2020 Tex. App. LEXIS 860, at *5 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.) (mem. op., not designated for publication) (noting that under plain terms of subsection 102.0045(a), assessment of jury-reimbursement fee is not limited to defendant who was tried by jury); *Mason v. State*, No. 14-18-00505-CR, 2019 Tex. App. LEXIS 6366, at *3 (Tex. App.—Houston [14th Dist.] July 25, 2019, no pet.) (mem. op., not designated for publication) (noting that "the jury reimbursement fee is an appropriate cost even if no jury was summoned").

Here, because Romo was convicted of the offense of burglary of a building and because the jury-reimbursement fee was required for "any person convicted of any offense," the district court did not err by assessing the $4.00 jury-reimbursement fee against him. *See* former Tex. Code Crim. Proc. art. 102.0045(a); *Scroggin*, 2020 Tex. App. LEXIS 860, at *5. Accordingly, we overrule Romo's second issue.

## CONCLUSION

We modify the district court's judgment adjudicating guilt, which incorporates the assessed court costs, to delete the $750.00 cost for court-appointed attorney's fees. We affirm the district court's judgment adjudicating guilt as modified.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Modified and as Modified, Affirmed

Filed:   August 19, 2020

Do Not Publish